IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMMY O'NEIL CHARITY,

    Plaintiff,                                   No. CIV S-09-1968 GGH P

    vs.

EDMUND BROWN, et al.,

    Defendants.                         <u>ORDER</u>

/

           Plaintiff is a state prisoner proceeding pro se.  Plaintiff is presently incarcerated in Delaware.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

           Plaintiff alleges that in 2008 the California Board of Parole Hearings wrongly found him unsuitable for parole.  First, plaintiff alleges that the BPH did not consider his 2008 psychological report.  Second, plaintiff also alleges that the BPH improperly relied on unchanging factors relating to the commitment offense when it found him unsuitable.  Third, plaintiff alleges that the BPH wrongly found that he had a growing disciplinary problem.

1

1  Fourth, plaintiff alleges that the BPH violated his plea agreement by refusing to consider the
2  2008 psychological report.  As relief, plaintiff requests that a parole release date be set.
3          The purpose of a civil rights action pursuant to 42 U.S.C. § 1983 is to challenge a
4  condition of confinement.  The purpose of a habeas corpus petition pursuant to 28 U.S.C. § 2254
5  is to challenge the legality of confinement.  Plaintiff's civil rights action challenges the legality of
6  his confinement.  For that reason, the court construes this action as having been brought pursuant
7  to 28 U.S.C. § 2254.  Plaintiff is directed to file a habeas corpus petition.
8          Accordingly, IT IS HEREBY ORDERED that:
9          1.  Plaintiff's request to proceed in forma pauperis is granted;
10         2.  This action is construed as an application for a writ of habeas corpus pursuant
11  to 28 U.S.C. § 2254;
12         3.  The complaint is dismissed with thirty days to file a petition for writ of habeas
13  corpus pursuant to 28 U.S.C. § 2254.
14  DATED: July 29, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ch1968.ord