IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMMY O'NEIL CHARITY,

    Petitioner,                       No. CIV S-09-1968 GGH P

    vs.

EDMUND BROWN, et al.,

    Respondent.                 ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is the habeas corpus petition filed August 10, 2009. Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

1    After reviewing the petition for habeas corpus, it is unclear whether petitioner has
2 exhausted state court remedies. Petitioner does not state whether his claims have been presented
3 to the California Supreme Court. Accordingly, within twenty days of the date of this order,
4 petitioner shall inform the court whether he has exhausted state court remedies as to the claims
5 raised in the petition.

6    Petitioner has also requested the appointment of counsel. There currently exists
7 no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105
8 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of
9 counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R.
10 Governing § 2254 Cases. In the present case, the court does not find that the interests of justice
11 would be served by the appointment of counsel at the present time.

12    Accordingly, IT IS HEREBY ORDERED that:

13    1. Within twenty days of the date of this order, petitioner shall inform the court
14 whether his claims are exhausted;

15    2. Petitioner's August 10, 2009, request for appointment of counsel (Docket No.
16 9) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

17 DATED: August 18, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kly
char1968.ord.wpd