IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMMY O'NEIL CHARITY,

Petitioner, No. CIV S-09-1968 FCD GGH P

vs.

EDMUND BROWN, et al.,

Respondents. FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's January 20, 2010, motion to dismiss on grounds that claim four is successive and duplicative. See 28 U.S.C. § 2244(b)(1). For the following reasons, respondent's motion should be denied. However, the undersigned recommends that claim four be dismissed as legally frivolous.

This action is proceeding on the petition filed August 10, 2009. Petitioner challenges the July 17, 2008, decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. Petitioner raises the following claims: 1) the BPH improperly excluded his 2008 psychological report in finding him unsuitable; 2) the BPH improperly found that his offense demonstrated a callous disregard for human life; 3) the BPH improperly found that he had a growing disciplinary problem; and 4) the BPH violated the terms of his plea

agreement by not considering the 2008 psychological report.

Respondent moves to dismiss claim four on grounds that this claim has been previously adjudicated by the United States District Court for the Eastern District of California and the United States District Court for the Southern District of California, and is currently pending in another action before the Southern District Court. Respondent argues that in a case filed in the United States District Court for the Southern District, No. 9801904 IEG, petitioner alleged that the BPH violated the terms of his plea agreement by incarcerating him beyond the maximum term of his plea agreement. Motion to Dismiss, Exhibit 1. In 1999, petitioner filed a habeas corpus petition in the instant court, CIV S-99-1274 DFL DAD P, alleging that the BPH violated his plea agreement by extending his incarceration beyond the maximum term. Motion to Dismiss, Exhibit 2. In 2008, petitioner filed another petition in the Southern District, C-08-1530 JLS WMC, alleging that his continued incarceration violated his plea agreement. Motion to Dismiss, Exhibit 4. This petition is fully briefed and awaiting a ruling. Motion to Dismiss, Exhibit 5.

Claim four of the instant petition alleges as follows:

> Ground Four: The Board of Parole Hearings and the district attorney, agents of state government, violated the implicit and explicit terms of the agreed upon plea agreement by not considering the 2008 psychological report creating a state created liberty interest–a due process and equal protection clause violation under the Fourteenth Amendment.
>
> On April 9, 1981, petitioner accepted a plea agreement in good faith to second degree murder with the sentence of 15 years to life. Petitioner's attorney, the District Attorney (DA), and the Superior Court Judge, were all in agreement that the plea was valid and acceptable, taking into consideration the fact that petitioner killed a cab driver. U.S. v. Anderson, 970 F.2d 602 (9th Cir. 1992). By the BPH deliberately refusing to consider the psychological report when making their decision to either grant or deny parole suitability, violated the terms of the plea agreement and established a state deprived liberty interest. Santobello v. New York, 92 S.Ct. 495 (1971).
>
> A due process violation is the fact that continuous reliance on unchanging circumstances transforms the offense for which California law provides eligibility for parole into a "de facto" life imprisonment without the possibility of parole. Board of Pardons v. Allen, 482 U.S. 369 (1987); Garner v. Jones, 120 S.Ct. 1362 (2002); Morrisey v. Brewer, 92 S.Ct. 2593 (1972); Biggs v. Terhune, 334 F.3d

> 910 (9th Cir. 2003); McQuillion v. Duncan, 342 F.3d 1012 (9th Cir. 2003) and In re Scott, 119 Cal.App.4th 871; 15 Cal.Rptr 32 (2004); and McQuillion v. Duncan, 306 F3d 895 (9th Cir. 2002).

Petition, pp. 7-8.

In his opposition to the pending motion, petitioner reiterates that the BPH's failure to consider the 2008 psychological report at his 2008 suitability hearing violated the terms of his plea agreement.

Petitioner's claim four concerns action taken by the BPH in July 2008. Therefore, petitioner could not have raised this claim in the first petition filed in the Southern District nor the first petition filed in this court as both of these actions were filed several years before the 2008 suitability hearing. Petitioner's second action filed in the Southern District alleges that the California Department of Corrections and Rehabilitation calculated his maximum release date as October 15, 1995. Motion to Dismiss, Exhibit 4, p. 32 of 83. Petitioner alleges that his failure to be released on October 15, 1995, violates his plea agreement. Id., p. 35 of 83.

Claim four of the instant petition is unrelated to the claims raised in petitioner's second petition filed in the Southern District. While both claim four and the second Southern District petition allege violations of petitioner's plea agreement, they are based on entirely different sets of circumstances. Moreover, the second Southern District action has not been reduced to judgment; therefore, the unrelated claim brought in this action is not successive or abusive. For these reasons, the court does not find that petitioner's claim four is duplicative of, abusive or successive of the claims raised in the second Southern District petition.

In claim four, petitioner alleges that the BPH's failure to consider his 2008 psychological report at the 2008 suitability hearing violated his plea agreement. Other than this conclusory assertion, petitioner does not allege how the BPH's failure to consider the report violated his plea agreement. The undersigned can conceive of no valid legal theory to support such a claim. Because this claim is legally frivolous, it should be dismissed. See Rule 4, Federal Rules Governing Section 2254 Cases (if it plainly appears that petitioner is not entitled to relief,

the judge must dismiss the petition).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (no. 24) be denied;

2. Claim four of the petition be dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases; respondent be ordered to file an answer to the remaining claims within thirty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ch1968.157