IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMMY O'NEIL CHARITY,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>MATTHEW CATE,[1] Secretary, California Department of Corrections and Rehabilitation,<br><br>　　　　　Respondent. | No. 2:09-cv-01968-JKS<br><br>MEMORANDUM DECISION |

　　　　Timmy O'Neil Charity, a California state prisoner appearing pro se, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254.  Charity is presently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, under an Interstate Compact Agreement between California and Delaware.  In his Petition, Charity challenges the July 2008 decision of the California Board of Parole Hearings ("Board") denying him parole.  Respondent has answered, and Charity has replied.

II.  BACKGROUND/PRIOR PROCEEDINGS

　　　　In May 1981, following the entry of a guilty plea, Charity was convicted in the San Diego County Superior Court of one count of Murder in the Second Degree (Cal. Penal Code § 187).

---

[1] Although the petition names the California Attorney General and the Chairperson of the California Board of Parole Hearings, as well as the Secretary of the California Department of Corrections and Rehabilitation, as Respondents, only the Secretary of the California Department of Corrections and Rehabilitation is a proper Respondent.  *See* Rules—Section 2254 Cases, Rule 2(a), Advisory Committee Notes (1976 adoption).

The trial court sentenced Charity to an indeterminate prison term of 15 years to life.  Charity does not challenge his conviction or sentence in this proceeding.

On July 17, 2008, Charity appeared for a parole-suitability hearing before the Board.  The Board denied Charity parole for a period of two years.  Charity timely filed a petition for habeas corpus relief in the San Diego County Superior Court, denied his petition in an unreported, reasoned decision.  Charity's subsequent petition for habeas relief to the California Court of Appeal, Fourth Appellate District, which denied his petition in an unreported, reasoned decision.  Charity's subsequent petition for habeas relief to the California Supreme Court was summarily denied without opinion or citation to authority on August 26, 2009.  Charity timely filed his Petition for relief in this Court on June 26, 2009, and his Amended Petition on August 7, 2009.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Charity raises a single ground:  the Board's decision denying him denial parole was unsupported by the evidence.  Respondent, conceding that the Petition is timely and that Charity has exhausted his state-court remedies, does not assert any affirmative defense.[2]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[2] *See* Rules Section 2254 Cases, Rule 5(b).

proceeding."[3] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[7] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[8] "[A]bsent a specific constitutional violation, federal habeas corpus review of [state-court] error is limited to whether the error 'so

---

[3] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412.

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

infected the trial with unfairness as to make the [result] a denial of due process.'"[9]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal proceeding is whether the error had a substantial and injurious effect or influence in determining the outcome.[10]  Because state court judgments in criminal proceedings carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[11]

In applying this standard, this Court reviews the last reasoned decision by the state court.[12]  State appellate court decisions that affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[13]  Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[14]  This is considered as the functional equivalent of the appeal process.[15]  Under AEDPA, the state court's findings of

---

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[11] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[12] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[13] *Ylst*, 501 U.S. at 802-03.

[14] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[15] *Id.* at 222.

fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[16]  This presumption applies to state trial courts and appellate courts alike.[17]

## IV. DISCUSSION

After briefing in this case was completed, the United States Supreme Court decided *Swarthout v. Cooke*.[18]  This Court must decide the case on the law as it exists at the time this Court renders its decision and, if controlling law changes while the case is pending, this Court applies the law as changed.[19]  Thus, *Cooke* forecloses Charity's arguments *vis-a-vis* California's "some evidence" rule.

Generally, when a higher court issues new controlling authority after briefing is complete, this Court requests further briefing from the parties addressing the new authority.  The Supreme Court decision in *Cooke* as applied to this case is so clear that further briefing would unduly prolong this case without any possibility of changing the result.  The Supreme Court has limited review to the procedures followed by the board and the governor, and defined with care what it meant by the applicable procedures.  No longer may this Court consider how the California courts applied California law.  Under these circumstances, further briefing would not aid the Court in reaching a decision.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a

---

[16] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[17] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[18] 562 U.S. ---, 131 S. Ct. 859 (2011) (per curiam).

[19] *See Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281-82 (1969); *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

sentence.[20] That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[21] Because the only federal right at issue in this case is procedural, the relevant inquiry is whether Charity received due process.[22] The Constitution only requires that a prisoner be allowed an opportunity to be heard and be provided with a statement of the reasons why parole is denied, nothing more.[23] Charity contends that the decision of the Board was unsupported by some evidence as required by California law.[24] "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[25] California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied. That is all that due process requires.[26] "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[27] Charity has failed to establish a wrong of constitutional dimension.

---

[20] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[21] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

[22] *See Cooke*, 131 S. Ct. at 861.

[23] *Id.* at 862 (citing *Greenholtz*, 442 U.S. at 16).

[24] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[25] *Cooke*, 131 S. Ct. at 863.

[26] *Id.* at 862.

[27] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

V.  CONCLUSION AND ORDER

Charity is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[28]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[29]

The Clerk of the Court is to enter judgment accordingly.

Dated:  March 15, 2011.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[28] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[29] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.